**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LUIS FRANCISCO GARCIA SALAS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-3301-DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

## 1. INTRODUCTION AND PROCEDURAL BACKGROUND

Petitioner Luis Francisco Garcia Salas is a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since March 30, 2026. See First Am. Pet. (Doc. No. 17) at ¶¶ 1-2. On June 15, 2026, he filed his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his ongoing detention. See generally Doc. No. 1. The original Petition named as Respondents the Secretary of Homeland Security, the Acting Director of ICE, the United States Attorney General, the Director of Enforcement and Removal Operations for the Los Angeles Field Office of ICE, and the Warden of the Adelanto ICE Processing Center where Petitioner is detained, each in his or her official capacity (collectively "Respondents"). Id.

At the time of filing his original Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and the entry of judgment. See Doc. No. 7. The case

became fully consented 3 days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Cases. See General Order 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 8.

Also on June 15, 2026, the Court issued the Notice of General Order 26-05 and Briefing Schedule. See Doc. No. 6. Therein, the Court "direct[ed] Respondents to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule on the Petition. Id. at 1-2. Pursuant to that briefing schedule, Respondents filed an Answer to the original Petition on June 22, 2026. See Doc. No. 10. Petitioner filed a Traverse later that day. See Doc. No. 11.

Before the Court was able to rule on the original Petition, on August 12, 2026, Petitioner filed an Application for leave to file First Amended Petition. See Doc. No. 13. To give Respondents the opportunity to be heard on the question of leave to amend, the Court set a briefing schedule requiring Respondents to file either an opposition to the application, or a written statement of non-opposition, by August 19, 2026. See Doc. No. 14. Respondents failed to do either, filing nothing in response to the Application for Leave to Amend.

Accordingly, the Court entered an Order granting Petitioner's unopposed Application for Leave to Amend, and set August 31, 2026, as the deadline for Petitioner to file his First Amended Petition, which would supersede the original Petition. See Doc. No. 16. The Court further ordered Respondents "to show cause in an Answer to be filed no later than September 8, 2026, why the writ of habeas corpus should not be granted," on the First Amended Petition and that unless inconsistent with the terms of that August 24th Order "all provisions of the Notice of General Order 26-05 and Briefing Schedule, Doc. No. 6 entered in this case on June 15, 2026, remain in full effect." Id.

Petitioner filed his First Amended Petition on August 24, 2026. See Doc. No. 17. The named Respondents are unchanged from the original Petition. Id. at ¶¶ 11-15. In the First Amended Petition, Petitioner alleges his detention is

unlawful and violates due process on three separate grounds specified therein. Id. at ¶¶ 23-49. He prays for relief in the form of an "Order that Respondents release Petitioner immediately without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring and that Respondents return any confiscated property and documents to Petitioner upon his release." Id. at p. 10, prayer ¶ (b). In addition, the First Amended Petition requests the Court:

> [o]rder Respondents not to re-detain Petitioner without first providing at least 7 days' notice and a pre-deprivation bond hearing before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community, and the Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.

Id. at prayer ¶ (c).[1] Petitioner does not ask this Court to block his removal from the United States. Rather, this case relates only to his custody during pending removal proceedings against him. See generally First Am. Pet.

Pursuant to the Court's August 24th Order, Respondents were to file their Answer, in which they were to show cause why the writ should not be granted, no later than September 8, 2026. Respondents failed to file any such response, or to seek an extension of time to do so. See generally Court Docket.

---

[1] Petitioner also seeks an award of reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504. Id. at prayer ¶ (d).

The Court has reviewed the unrebutted First Amended Petition. For the reasons discussed below, the Petition for Writ of Habeas Corpus is GRANTED.

**2. FACTUAL BACKGROUND**

Petitioner is a non-citizen presently detained at the ICE detention facility in Adelanto, California. See First Am. Pet. at ¶ 1. He is in pending removal proceedings and is charged with having entered the United States without inspection. Id. He was arrested by immigration authorities, without a warrant, on March 30, 2026. Id. at ¶¶ 2, 4. Following that arrest, he was not provided an initial custody determination by the Department of Homeland Security as required by 8 C.F.R. §§ 236.1(c)(8) and 287.3(d). Id. at ¶ 5. Petitioner is a member of the certified class in Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS (BFM). Id. at ¶ 7. On June 4, 2026, he appeared before an Immigration Judge for a bond hearing, but was denied release on bond based on the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). Id. at ¶ 2. He was again denied bond on July 14, 2026, based on the same authority. Id. at ¶ 6. He remains detained in immigration custody. Id. at ¶ 10.

**3. LEGAL STANDARD**

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'" Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024). Petitioner makes such reviewable claims here.

Title 28 U.S.C. § 2243 provides that a Court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, via General Order 26-05, the Court directed Respondents to show cause why the writ should not be granted. See Doc. No. 6. Pursuant to Section 2243, Respondents were required in their Answer to certify "the true cause of the detention." 28 U.S.C. § 2243.

**4. DISCUSSION**

In its Order granting Petitioner's request for leave to file a First Amended Petition, this Court ordered Respondents "to show cause in an Answer to be filed no later than September 8, 2026, why the writ of habeas corpus should not be granted." Doc. No. 16. That requirement mirrors the requirement in General Order 26-05 (filed in this case as Doc. No. 6), as well as 28 U.S.C. § 2243. As they did in response to the Court's earlier Order setting a briefing schedule on Petitioner's Application for Leave to Amend (Doc. No. 14), however, Respondents failed to respond at all to that order to show cause. Respondents seem to have lost any interest or intent to contest this case, including to comply with the requirement that they – as the ones detaining Petitioner – "make a return certifying the true cause of the detention." 28 U.S.C. § 2243.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the First Amended Petition in this case – despite having notice of their obligation to do so and an opportunity over more than two weeks (from August 24th to September 8th) to be heard in opposition to the First Amended Petition – to be their consent to granting the relief sought in that pleading.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States, as alleged in the First Amended Petition. Accordingly, a Writ of Habeas

Corpus should issue pursuant to 28 U.S.C. § 2241 compelling Petitioner's immediate release.

IT IS THEREFORE ORDERED that:

1. The Petition for Writ of Habeas Corpus is GRANTED.
2. Respondents shall immediately release Petitioner **LUIS FRANCO GARCIA SALAS (A-207-273-266)** from custody, without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring and that Respondents return any confiscated property and documents to Petitioner upon his release.
3. Respondents shall not re-detain Petitioner without first providing at least 7 days' notice and a pre-deprivation hearing before a neutral decisionmaker at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.
4. Respondents shall also provide Petitioner with a copy of this Order at or near the time of release.
5. Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release and return of any personal property and documents.
6. The Court will issue Judgment consistent with this Order. Any fee motion must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules. The Court retains jurisdiction to adjudicate any such motion or other collateral enforcement issues.

IT IS SO ORDERED.

DATED: September 10, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE